People v Stacker (2022 NY Slip Op 03751)

People v Stacker

2022 NY Slip Op 03751

Decided on June 8, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 8, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ANGELA G. IANNACCI
JOSEPH J. MALTESE
LARA J. GENOVESI, JJ.

[*1]The People of the State of New York, respondent,
v
Michael Stacker, appellant. (Ind. Nos. 883/18, 949/18)

Justine Luongo, Attorney-in-Charge of the Criminal Defense Practice, New York, NY (Naila S. Siddiqui of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill and Roni C. Piplani of counsel; Lorrie A. Zinno on the memorandum), for respondent.

DECISION & ORDER
Appeals by the defendant, as limited by his motion, from two sentences of the Supreme Court, Queens County (Joseph A. Zayas, J.), both imposed November 1, 2019, upon his pleas of guilty, on the ground that the sentences were excessive.
ORDERED that the sentences are affirmed.
The defendant validly waived his right to appeal. Although the written waiver of the right to appeal included incorrect statements of the applicable law, the record demonstrated that, under the totality of the circumstances, including the Supreme Court's oral colloquy, the defendant's consultation with counsel, and his age and experience, the defendant had a full appreciation of the terms and consequences of the appeal waiver (see People v Thomas, 34 NY3d 545, 564; People v Lawrence, 184 AD3d 587). The defendant's valid waiver of his right to appeal precludes appellate review of his contention that the sentences imposed were excessive (see People v Campbell, 192 AD3d 822, 823).
DUFFY, J.P., IANNACCI, MALTESE and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court